**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LARNETTE WESTBROOK,**

        **Plaintiff,**

**v.**                                                           **Civil Action No. 5:09cv56**
                                                                            **(Judge Stamp)**

**UNITED STATES OF AMERICA,
KUMA DEBOO, Warden,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On May 26, 2009, the *pro se* plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. On June 4, 2009, the plaintiff was granted permission to proceed as a pauper and assessed an initial partial filing fee. On June 15, 2009, the plaintiff filed a Motion for Summary Judgment. The plaintiff subsequently paid his initial partial filing fee and this now ripe for a preliminary review pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### II. The Complaint

In the complaint, the plaintiff alleges that the defendants (1) denied him appropriate medical care; (2) violated the Fair Labor Standards Act ("FLSA") and Walsh-Healy Act; and (3) have been deliberately indifferent to a serious risk to his health. More specifically, the plaintiff asserts that he has lived with the Human Immunodeficiency Virus ("HIV") since 1985. In addition, he allegedly suffers from colon warts, which can be fatal given his HIV. Therefore, the plaintiff asserts that he

was approved for a colon examination more than 36 months ago; however, he has yet to receive that examination.

In addition, the plaintiff asserts that he is employed by Prison Industries ("UNICOR"), and that UNICOR's failure to pay him minimum wages for his labor violates the FLSA. Thus, he seeks $5,000 for breach of contract. Furthermore, the plaintiff requests an order from the Court directing UNICOR to pay all inmates minimum wages or a wage comparable to the industry norm in the prison's geographical market.

Finally, the plaintiff asserts that the defendants are deliberately indifferent to a serious risk to his health by allowing staff and visitors to smoke. In support of this claim, he asserts FCI-Gilmer, his current place of incarceration, is a smoke-free facility, yet the defendants allow staff and visitors to smoke in designated areas that the inmates must pass through. The plaintiff argues that such conduct puts his, and other inmates' health, at risk of physical harm from secondhand smoke.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which

fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### IV. Analysis

**A. Claims Pursuant to 42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Accordingly, by its terms, § 1983 applies only to state actors and has no application in this case, a case against the federal government, its agency and employees. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a claim for relief under § 1983 may be made only against persons who acted under color of *state* law) (emphasis added). However, the United States Supreme Court has created a counterpart to § 1983 so that individuals may bring a suit against a federal actor for violating a right guaranteed by the United States Constitution or federal law. See Bivens, *supra*. Accordingly, to the extent that the plaintiff wishes to raise claims against the defendants in their individual capacities, those claims will be construed as arising under Bivens.

---

[1] *Id.* at 327.

3

**B. Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth at 741 n. 6.

    1. Plaintiffs' Bivens Claims

The Bureau of Prisons ("BOP") makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional

---

[2] Porter at 524.

Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 93-94 (2006) (the PLRA requires *full* and *proper* exhaustion).

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

In this case, the plaintiff fails to provide any evidence that he exhausted his administrative remedies with regard to his Bivens claims. Moreover, although he acknowledges that there is an administrative remedy procedure available, the plaintiff concedes that he has not completed that process. Complaint (dckt. 1) at 1. Thus, it is clear from the face of the complaint that the plaintiff has failed to exhaust his Bivens claims and those claims should be dismissed. See Woodford, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

2. Plaintiff's Tort Claim

The disposition of a tort claim by a federal agency is a prerequisite to initiating suit in the district court. 28 U.S.C. § 2675. Section 2675(a) states:

> [a]n action *shall not* be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . employment, unless the claimant *shall have first presented the claim to the appropriate Federal agency and his claim shall have*

5

> *been finally denied by the agency in writing* . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section. (Emphasis added).

In this case, the plaintiff provides a copy of a Claim for Damage, Injury or Death he filed with the BOP on May 21, 2009. Thus, pursuant to § 2675(a), the BOP had six-months from that date to respond to the plaintiff's claim. This case was filed May 26, 2009. Consequently, the plaintiff's tort claims could not have been exhausted prior to filing this suit and should be dismissed for the failure to exhaust.

C. **Plaintiffs' Summary Judgment Motion**

In his motion for summary judgment, the plaintiff asserts that no genuine issues of material fact exist and he is entitled to judgment as a matter of law. In support of this claim, the plaintiff asserts that his rights have clearly been violated and reiterates the claims raised in the complaint.

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of

informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

In this case, the plaintiff's motion is clearly premature. The Court cannot appropriately assess whether genuine issues of material fact exist without an answer from the defendants. Moreover, in light of the fact that the plaintiff's claims are not exhausted and will be recommended for dismissal, the petitioner's motion is also moot.

## V. Recommendation

For the foregoing reasons, the undersigned makes the following recommendations:

(1) the plaintiff's claims under 42 U.S.C. § 1983 be **DENIED** and **DISMISSED with prejudice**;

(2) the plaintiff's Bivens and Tort claims be **DENIED** and **DISMISSED without prejudice** for the failure to exhaust administrative remedies; and

7

(3) the plaintiff's Motion for Summary Judgment (dckt. 11) be **DENIED** as premature and moot.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, and party may file written objections with the Clerk of Court. The written objections shall identify those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July16, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE