IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LARNETTE WESTBROOK,

      Plaintiff,

v.                            Civil Action No. 5:09CV56
                                     (STAMP)

UNITED STATES OF AMERICA
and KUMA DEBOO, Warden,

      Defendants.


MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING IN PART REPORT
AND RECOMMENDATION AND DECLINING IN PART
TO AFFIRM AND ADOPT REPORT AND RECOMMENDATION

I.  Procedural History

The pro se[1] plaintiff, Larnette Westbrook, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). The plaintiff filed a motion for summary judgment, to which the defendants did not respond.

This case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation 83.02 et seq., and 28 U.S.C. §§ 1915(e) and 1915A. On July 16, 2009, the magistrate judge issued a report and recommendation recommending that the plaintiff's claims under 42 U.S.C. § 1983 be denied and dismissed with prejudice; that the

_____

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (9th ed. 2009).

plaintiff's <u>Bivens</u> and tort claims be denied and dismissed without prejudice for failure to exhaust administrative remedies; and that the plaintiff's motion for summary judgment be denied as premature and moot.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections. For the reasons set forth below, this Court affirms and adopts in part the magistrate judge's report and recommendation, and declines in part to affirm and adopt the report and recommendation.

## II.  Facts

In his complaint, the plaintiff alleges that the defendants have denied him appropriate medical care. Specifically, the plaintiff asserts that he suffers from Human Immunodeficiency Virus ("HIV") and colon warts, which can be fatal given his HIV. Although the plaintiff was approved for a colon examination more than thirty-six months ago, he claims that he has yet to receive that examination.

The plaintiff also contends that the defendants are deliberately indifferent to a serious health risk by allowing staff members and visitors to smoke. While the plaintiff's current place of incarceration is a smoke-free facility, he alleges that the defendants allow people to smoke in designated areas that inmates

must pass through, placing him and other inmates' health at risk of physical harm due to secondhand smoke.

Finally, the plaintiff asserts that he is employed by Prison Industries ("UNICOR"), and that UNICOR's failure to pay him minimum wage violates the Fair Labor Standards Act ("FLSA") and Walsh-Healy Act. The plaintiff requests an order from this Court directing UNICOR to pay all inmates either minimum wage or a wage comparable to the industry norm in the prison's geographical market. He also seeks $5,000.00 for breach of contract damages.

## III. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff filed objections, this Court reviews the report and recommendation of the magistrate judge <u>de novo</u>.

## IV. <u>Discussion</u>

### A. <u>Title 42, United States Code, Section 1983 Claim</u>

The magistrate judge recommended that the plaintiff's § 1983 claims be dismissed with prejudice because § 1983 only applies to

state actors. Based upon a _de novo_ review, this Court agrees.

Title 42, United States Code, Section 1983 provides, in pertinent part:

> Every person who, <u>under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable . . .

Because § 1983 does not apply to the federal government and its employees, the statute has no application to this case. <u>See</u> <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980) ("[H]e must allege that the person who has deprived him of that right acted under color of state or territorial law."). The plaintiff's § 1983 claims, therefore, must be dismissed with prejudice. Instead, this Court will address the plaintiff's claims under the appropriate standards of review.

B.     _Bivens_ Act

The magistrate judge recommended that the plaintiff's <u>Bivens</u> action be dismissed for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal

courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The Bureau of Prisons' ("BOP") formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines

and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, the plaintiff has failed to provide any evidence that he exhausted his administrative remedies regarding his <u>Bivens</u> claims. Furthermore, he concedes in his complaint that he has not completed this process, despite acknowledging that administrative remedy procedures are available. Accordingly, the plaintiff's <u>Bivens</u> claims must be dismissed for failure to properly exhaust his administrative remedies.

C.    <u>Federal Tort Claims Act Claim</u>

The FTCA permits recovery of "damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." <u>United States v. Muniz</u>, 374 U.S. 150, 150 (1963). Pursuant to the provisions of the FTCA, the administrative process must be fully exhausted before FTCA claims may be brought in an action in federal court. 28 U.S.C. § 2675(a). Administrative exhaustion under the FTCA requires an inmate to submit written notification of the incident -- accompanied by a sum certain claim for monetary damages -- to the federal agency responsible for the activities giving rise to the claim. <u>See</u> 28 C.F.R. § 14.2(a) and (b)(1). The inmate may file an FTCA suit in federal court only after the agency denies the inmate's claim, and must do so within six months of the mailing of the denial. 28 C.F.R. § 14.9(a). An

administrative tort claim is statutorily presumed denied if six months pass without action on a properly filed administrative claim. 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed final denial of the claim for purposes of this section.").

Failure to completely exhaust administrative remedies before filing an FTCA claim, however, is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. <u>McNeil v. United States</u>, 508 U.S. 106, 122 (1980). A prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." <u>Id.</u> at 106.

In this case, the plaintiff filed a "Claim for Damage, Injury or Death" with the BOP on May 21, 2009. Approximately five days later, on May 26, 2009, he filed his complaint containing his FTCA claims in this Court. Because the plaintiff filed this action before the BOP denied his administrative remedies and before the passage of the six-month period which would implicate statutory presumption of denial, this Court finds, upon a <u>de novo</u> review, that the plaintiff has failed to exhaust his administrative remedies for his FTCA claims. Accordingly, those claims must be dismissed.

D.  <u>Plaintiff's Summary Judgment Motion</u>

The plaintiff's summary judgment motion, which is attached to and made part of this memorandum opinion and order, was received by

this Court on June 15, 2009. Because this motion was not attached as a part of any pleading, and it does not appear that it was served upon the opposing party, this Court deems the plaintiff's motion to be an ex parte communication. All parties are notified that it is improper to communicate with this Court in this manner and that the appropriate procedure is to file pleadings with an appropriate certificate of service of the same upon all other parties. Accordingly, it is ORDERED that the plaintiff's motion for summary judgment (Docket No. 11) be filed and a copy sent to all parties and counsel of record herein.

In his motion for summary judgment, the plaintiff asserts that no genuine issues of material fact exist and he is entitled to a judgment as a matter of law. In support of this motion, he claims that his rights have been violated and reiterates the claims raised in his complaint. As noted above, because this motion for summary judgment was never served on the defendants, they have not had the chance to respond to the plaintiff's arguments.[2] For the reasons set forth above, this Court finds it appropriate to dismiss the plaintiff's § 1983, <u>Bivens</u>, and FTCA claims, despite the defendants' inability to respond to the motion for summary judgment.

Nevertheless, at this time, this Court finds it necessary for the defendants to respond to the plaintiff's breach of contract

---

[2]The plaintiff's objections to the magistrate judge's report and recommendation argue that the defendants have not filed an answer in this case.

claims that he raises in his complaint, specifically the alleged violations of the FLSA and the Walsh-Healy Act. In his report and recommendation, the magistrate judge failed to address these claims, but rather denied the plaintiff's motion for summary judgment as premature and moot. Thus, the plaintiff's breach of contract claims have not been decided by this Court. Accordingly, the defendants shall file a response to the plaintiff's motion for summary judgment on or before **January 20, 2010**. The plaintiff shall file any reply on or before **February 8, 2010**. The magistrate judge's recommendation that the plaintiff's motion for summary judgment be denied as premature and moot is therefore not affirmed and adopted.

## V. Conclusion

For the reasons set forth above, this Court AFFIRMS and ADOPTS IN PART the magistrate judge's report and recommendation and DECLINES IN PART to affirm and adopt the magistrate judge's report and recommendation. To the extent that the report and recommendation dismisses the plaintiff's § 1983, Bivens, and FTCA claims, the report and recommendation is adopted and affirmed. Accordingly, the plaintiff's § 1983 claims are DENIED and DISMISSED WITH PREJUDICE, and the plaintiff's Bivens and FTCA claims are DENIED and DISMISSED WITHOUT PREJUDICE. To the extent that the report and recommendation denies the plaintiff's motion for summary judgment, this Court declines to affirm and adopt the report and recommendation.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:     January 5, 2010


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE

NORTHERN DISTRICT OF WEST VIRGINIA
CLERK. UNITED STATES DISTRICT. COURT
WHEELINC WEST VIRGINIA

LARNETTE M. WESTBROOK : PRO'SE Civil ActioN No# 1'09-CV-47
PETITIONER'S : PRO'SE Civil ActioN No# 509-CV-56

V.

UNITED STATES OF AMERICA, :
RESPONSDENTS :

**FILED**

JUN 1 5 2009

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

## MOTION

### Introduction

This Formal motion comes to the Honorable
court, a Summary Judgment Federal Rule Claim
CiV. P. 56. On this Day of ___10th___, MONTH OF
___JUNE___, and YEAR OF 2009. WE HEREBY
File As CROSSREFERANCE A WRIT OF Habeas Corpus
Claim pursuant to 28 U.S.C. § 2241 On this
Day of ___10th___, MONTH OF ___JUNE___, AND YEAR
OF ___2009___. Conjunction to All other Claims
Filed on; March 26th 2009; April 15th 2009; May 21th
2009. I've been waiting over serveral month -
Now to be credit FoR Industory credit due
to I am a Formal UNICOR ORDERLY At this
correctional Institution but have Not Received
Credits Yet.

### Fact of STATEMENT'S

On OCTOBER 25th 2005, the petitioner's Arrivied here at
this federal Correctional Institutional Gilmer Prison's.
Doing petitioner's Incarceration As an inmate, while under
the care and custody of the Attorney General of -
(1) continue at next page

Gilmer Glenville, West Virginia Prison's. The — petitioner's Right is being clearly Violated. Due to the Facts of the Correctional Operation Preceduce standards (C.O.P.S.) by the Administrators and their Co-Representers herein this Institution daily.

Herein, these Preceduce of Method, Rules, Regulation, and policy, that controle order to governer the Laws, Injunction to the Constitutional Amandmen. Bill of Rights; Fedearl Bureau of Prison's Policy Regulation Manual, and U.S. Department of Labor Management and Budget wages Rules Regulation policy also Coert's Rules of Precudures are not being — proformed In the manner prescribed by Law. However, the persons who hold their titles are preforming their duties In their own personnel mannerism.

### Points and Authority
### Herein;
Summary Judgment Fedearl Rules Civ. P. 56. A judgment granted on a claim or defense about which there is no genuine issue of material fact and upon which the movant is entitled to prevail as a matter of Law. • The court considers the contents of the pleadings the motions, and Additional evidence adduced by the parties to determine whether there is a genuine issue of —

(2) continue on next page

material fact Rather than one a Law. This procedural device allows the speedy — disposition of a controversy with out the Need for trial. Fed. R. Civ. P. 56 — Also termed Summary disposition; Judgment on the pleadings See Judgment. (CASES; Federal Civil Procedures Key 2461-2559; Judgment Key 178-190 C.J.S. Copy-Right And Intellectual Property 81; — Judgments 243-274; Libel And Slander, Injurious Falsehood 184.)

Petitioner's 14th Admandment, And 5th, 8th Admandments Rights Is being Violated that protect him by Law And Privilledge, is clearly being violated by the staffs who Is to protect him, but who Also put his Life And health At Risk more. By their unproffessional conducted manners.

Whould you say not... that the constitutionl Laws Is fields of Law dealing with Aspects of the constitution provision, such As RESTRICTION ON government power And guarantees of Rights As hi; Civil Procedures Crimnal Procedures...

The Health Care Service Rights, and — Responsibilities STATES; 1st Right - WE have the Right As INMATE(S) to health care service int (3) continue ou next com.

ACCORDUEE with the procedures of their facility. Health care service include — Medical triage, dental traige, and All — support services. In the service of AN emergency, we contact the NEArest stAFF MEMBER (s).

2# Right-, WE have the Right As inmates to be treated with respect, consideration, and dignity

3# Right- WE have the Right As inmate (s) to RECEIVE PRESCRIbed medecations, and treatments in a timely manner, consistent with the REcommendation of the prescribing health care provider (s).

4# Right- WE have the rights to As Inmate (s) - to Request a routine physcial exmination As defined by Bureau of Prison's Policy (if you Are under the age of 50; once every two years, if over the age of 50; once a year.)

The medical Administrators And Institional Administrators employees ARE IN the PERSONNEL molds of NEglection failure to provide "us" — inmate(s) with their proffessional manners of conduct on the Level due to their Asigned Titles Administrative wise or medical treatments- physcaily And dental or psychiatric care that Is necessary to pervent or to treat by serviceing

(4) continue

physical or emotional injury or illness in a timely manner before he or her get sicker. Furthermore by the Administrators not Answers the our Filed Administrative Remedies is not helping neither to resolve issues of complaint herein and thereof.

By the petitioner's not receiving his medical care treatment or colon X-RAY examination that is necessary for good health, is a risk of his life and violation of his civil rights and constitutional law rights plus Bureau of Prisons Policy Contract, while incarcerated under the care and custody of the Attorney General.

This maltreatment(s) of the Medical Administrators, and Institutional Operation Administrators, is voilating the petitioner's Civil-Rights. Is very unproffessional manner of conduct proformed. The representations Legal obligation, and moral duties are not being proformed in the Legal best Interest of the Inmate(s) or Third parties Beneverfactors in a timely manner toward petitioner's civil Rights or health care treatment or benerfactors Libility Lost.

(5) partie...

Be as it may, on the issues of the petitioner complaints against THE FEDERAL PRISON'S Industory Inc., a wholly-owned U.S. Government corporation operation under the trade name "UNICOR." WE have already hereby reviewed the (FLSA's) requirments and the conclusion is that Laborers be paid at Least minimum wage of that so said STATE by Regulation of Law. (NOTE: Prisoners are not listed as exempt.) Petitionee's is one of many workers who is qualified as a third party benefinuary to these contract operated by "UNICOR" since — UNICOR employs convict Labor on contracts is of more than $10,000,00 dollars. "UNICOR" operation is in Violation of (WHA) Title 41-USC 35 forbid convict Labor Contracts of more than $10,000,00 dollars.

Also on the non-smoking Institutional Policy Law, this Institution is in Violation of the Rules, Regulation method Law that governs the policy. Since this is a non-smoking Allowed Federal Correctional Institution. Without you say not, by allowing their employees to smoke is saying thay're above the Law,... which is not true. This Allowance is still putting us inmates health at risk. This is a voilation of the — Petitioner's Civil Rights as a prisoner's an citizen's (b) continues on next →

Specally due to the petitionee's by a Legal citizens of the UNITED STATES OF AMERICA. And due to serveral chemical HEALTH condition that corban deoxcide from cigerate smoke cause a risk that can cause petitionee's to have breathing ATTACT(s) EVEN deaf.

Furthermore, since the DESIGNATED smoking AREAS for staff(s) is IN front of every housing units, and one IN front of the mass hall were we EAT, is not, but they still smoke there, serveral Feet from the Exist And Interance. We INMATES still have to travel through their corban deoxcide smoke of the Administrators And OFFICERS. And once the Inmates get their hands on the staff(s) cig. butts or crew end up smoking inside the Units is more of a threat to the petitionee's health because the smoke is more closed IN ONE SPACE.

We hereby, File these three (3) plus (1) addition conjunction to (3)(1) a writ of Habeas Corpus Claim — pursuant to 28 U.S.C. 2241 ATTacting sentencing. Claim Number 1:09-CV-47. Seeking Relief due to the court's consideration to AN INMATE in this type of satuation, Like if his shoes were on your court REgaurdants Feets. Court Authority ORDERING Providing normal damages; A trifling sum award, when a legal injury is suffered, but when there is NO stubstantion lost

OR injury to be compensated, but a small Amount fixed A damage claim of 10,000.00 for the Risk or deaf that IS threating the petitioner Life by the Action of the Administrators And Officers Along with contract hireied employees. Which thay're have breach serveral contract to protect petitioner's from harm ways due to the Rules, Regulation and policy, without regrords to the Amount of harm they cause by their presonnel conduct manners — Also termed contemptous — damage, CF. Substential damages [ cases; — Damages Key 8-14 C.J.S. Damages; 3, 12-20.]

### Foot Notes

Citing cases on Constitutional Rights For Prisoners Section (10.3) "Right To Medical Aid." 1.# Inmates have the right to due process of the Law under the fifth, Fourteenth and Eight Amendments. [44] The process right has been couched in terms of the Inmates — right to be free from abuse of discretion on the part of the prison's Administrative personnel or unprioffessional Conduct Action; [45] to protect not cause harm. [46] protection of inmates life and health from Administration Action. [47] 2.# Right to be Free from the infliction of cruel and unusal punishments as in guranteed by the Eight Admendment. [48] Voitation of the Eight Admendment right has been found when there is an intentional denial of needed —

(8) continue on Next page

Medical care, or when a prison's officials —
conduct indicates deliberate indifference
to the medical needs or safety of inmates.
Citied cases; Duncan V. Duckworth. 644 F.2d 653
(7th Cir 1981.); Lareau V. Manson, 507 F. Supp 1177 —
(D. Conn 1980). Modified in 651 F.2d 96 (2d Cir 1981).
Gates V. Collier 501 F.2d 1291, 1303 (5th Cir 1974.)
Jackson V. State of Mississippi 644 F.2d 1142 —
(5th Cir 1981.) Barron V. Baltimore, 32 U.S (7 pet.) -
243 (1833) Palko V. Connecticut 302 U.S 319 (1937.
Snyder V. Massachusetts 291 U.S (1934); Hurtodo
V. California, 110 U.S 516 (1884). Gordilin V.-
Maldonado, D.C, Puerto Rico 1974, 377 F. Supp
1349 Van Buskirk V. Willinson C.A. Wash. 1454,
216, F.2d 735. Larsen V. Hoffman D.C. D.C, 1977
444 F. Supp.

## Argument

Petitioner's arguments is that, he has been approved
to have this colon x-ray examination some thirdty
six (36) months ago by his Institutional physcial
P. HD Provider of this Medical Center service, and
still have not received this Medical Aid treatment
care. Furthermore this is part of his medical-
care treatment, due to the nature of his health
care. However, while serveriny his first terms of
prescribed sentencing at Rochester, MN. Federal
Medical Center hospital for nearly five (5) years -
The petitioner's had serveral surgery operation to-

have gentle warts Removed off the INsides, And outside of the colon, before they turn into cancer growth diseases. Which is very Fatel to a person or citizen like the petitioners. Specially due to him having Human Immunodeficing Virus disease Now As (HIV) that is a chornical stagest Advance since 1985. Also for the Record a common cold chould be Fatel to the petitioner's and worry, stress from these Imprisonment condition can weakin his Immune system to fight off Effection.

Now to our disbelief the petitioner's has been medically clear for Prison Release Into a work Release program called Community Care Center - (CCC) half-way-house After being granted Parole Release to surpervision by August 31th 2009. Furthermore, the petitioners has not had his six (6)- month Institutional medical check-up that determan or not the Medication he takes for AIDS is working to keep the virus from mutatzing Into other cell memebrance. He needs his C-D4 And C-D8 Load count check, this is done through Lob Blood testing to make sure that the Immune system is not Low And Kept high so that his body can fight off Effections...

10. CONTINUE ON NEXT page

## Relief Seeked

Petitioners seeks relef due to these Civil Right Voilation against him, due to his Right to be protected by the Laws of the Fifth, Fourteenth and Eight Admandment. Being An convicted Inmate And citizen's of the UNITED STATES OF AMERICA - to be free from abuse of discretion on the part of prison's Administrators And Federal Goverment Administrators Agency's branches To be Protected from unconstitutional Administrative branches Actions; Protecting of INMATES - or citizens life, and health, while being Justisley compensated for their maltreatment And brach of Federal Medical Service contract And - Institutional Industory, Inc., Whom holder there title of Authority Like the Deput Warden. Who can provide normal damages ORDERS OF THE COURT'S Authorities to have RESPONDENTS pay A, Trifling sum Awarded to petitioners, when a legal injucy is - suffered, but when there is NO substantion loss or injury medicaly document by - EXAMONATION on RECORD Just yet to be compensated, but A small Amount fixed a damage of 1# $5.000.00 for branch of THe Federal Bareau of Prisons policy contract.

Petitioner's other claim of $10,000.00 for being Afflicted by cigrote smoke from the Institutional STAFFES and Inmates. Also the Institutions UNICOR Industory claim of Full compensation for his past Labor wage Income. Due to Violation of STATES Management And Budget Regulation policy Whistler Blower Protection Act of 1989 And 2002 etc. To prevent Retaliation by UNICOR Administrators or Federal Government OFFICERS or contract hiring employees for these complaints Filed by Plaintiffs.

## Conclusion

We HEREBY, ORDER THE HONORABLE COURT'S TO GRANT PETITIONERS Declaratory Judgment Fed Civ. P. 57 claim and Summary Judgment Fed Civ. P. 56 Claim on the merit under the color of Law of Court Procedure and STATUE Rules timely Limited prescribed by Law.

6/10/09
DATE

Sincerly submitted
By Lunett M Wubun
DATE 06/10/09

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
LORI SMITH
201 FCI LANE
GLENVILLE, WV 26351
My commission expires August 29, 2013

SIGNATURE

(12.)

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Westbrook, Lorwette M.     04413087     C-2     Federal Correction Institution Gilmor
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST**

This formal complaint comes to your Respectful Office presence to inquire about having my sentence computation for Industry Good time Credits forthwith since I'am an worker at UNICOR herein since January 16th 2008. Which I'am Eligible to receive three (3) to five (5) days for each month. Please response to this Administrative Remedy in the near Future. Thank You!

04/30/09₁
DATE

Larnette M. Westbrook
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____     _____
DATE     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE

Fr: MR. Larnette M. Westbrook 04413007 C-2 RM#131 LE99/A
Federal Correctional Institution Gilmer
P.O. Box 6000
GLENVILLE, WV 26351

FCI Gilmer P.O. Box 6000, Glenville, WV 26351

Date ___ 6/10/09
"The enclosed letter was processed through
special mailing ... ... forwarding to
you. The letter ... ... ... opened nor
inspected. If the ... ... ... uestion over
which this facil ... ... ... you may
wish to return ... ... ... ... ...
information or ... ... ... er
encloses corresp ... ... riting to
another addre... ... ...
enclosure to the ... ...

To: CLERK, UNITED STATES DISTRICT CO
NORTHERN DISTRICT OF WEST VIRGIN
300 WEST Pike Street, RM#301
P.O. Box 2857
CLARKSBURG, WV 26302-2857

RECEIVED

JUN 1 5 2009

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

