IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LARNETTE WESTBROOK,

    Plaintiff,

v.                                              Civil Action No. 5:09CV56
                                                         (STAMP)
UNITED STATES OF AMERICA
and KUMA DEBOO, Warden,

    Defendants.


**AMENDED MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE[1]**

---

[1] On January 5, 2010, this Court entered a memorandum opinion and order affirming and adopting in part and declining in part the report and recommendation of the magistrate judge. Specifically, to the extent that the report and recommendation dismissed the plaintiff's § 1983, Bivens, and FTCA claims, the report and recommendation was adopted and affirmed, and these claims were dismissed. Conversely, to the extent that the report and recommendation denied the plaintiff's motion for summary judgment as premature, this Court declined to affirm and adopt the report and recommendation, and further ordered that the defendants respond to the plaintiff's motion for summary judgment, particularly regarding his breach of contract claim.

After a thorough review of the record, this Court finds that its previous memorandum opinion and order ordering the defendants to respond to the plaintiff's motion for summary judgment on the breach of contract claim was in error. This case was referred to the magistrate judge pursuant to Local Rule of Prisoner Litigation 83.02 et seq., and 28 U.S.C. § 1915(e) and 1915A for initial screening. Local Rule of Prisoner Litigation 83.02 et seq. states, in relevant part, that should a magistrate judge "determine[] on the initial screening that the complaint should not be dismissed, the action shall proceed as set forth in LR PL P 83.03 to 83.08." The Local Rules cited therein discuss service of the complaint, notice of right to trial, consent to trial by the magistrate judge, discovery, and dispositive motions. Accordingly, because the magistrate judge conducted only an initial screening of the complaint, the defendants in this case have not yet been served in this case, and ordering them to respond to a motion for summary judgment was a procedural error. This amended memorandum opinion and order corrects that error and orders that the appropriate

## I. Procedural History

The pro se[2] plaintiff, Larnette Westbrook, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). The plaintiff filed a motion for summary judgment, to which the defendants did not respond.

This case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation 83.02 et seq., and 28 U.S.C. §§ 1915(e) and 1915A. On July 16, 2009, the magistrate judge issued a report and recommendation recommending that the plaintiff's claims under 42 U.S.C. § 1983 be denied and dismissed with prejudice; that the plaintiff's Bivens and tort claims be denied and dismissed without prejudice for failure to exhaust administrative remedies; and that the plaintiff's motion for summary judgment be denied as premature and moot.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections. For the reasons set forth below, this

---

procedures now be taken.

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (9th ed. 2009).

Court affirms and adopts in part the magistrate judge's report and recommendation, and declines in part to affirm and adopt the report and recommendation.

## II. Facts

In his complaint, the plaintiff alleges that the defendants have denied him appropriate medical care. Specifically, the plaintiff asserts that he suffers from Human Immunodeficiency Virus ("HIV") and colon warts, which can be fatal given his HIV. Although the plaintiff was approved for a colon examination more than thirty-six months ago, he claims that he has yet to receive that examination.

The plaintiff also contends that the defendants are deliberately indifferent to a serious health risk by allowing staff members and visitors to smoke. While the plaintiff's current place of incarceration is a smoke-free facility, he alleges that the defendants allow people to smoke in designated areas that inmates must pass through, placing him and other inmates' health at risk of physical harm due to secondhand smoke.

Finally, the plaintiff asserts that he is employed by Prison Industries ("UNICOR"), and that UNICOR's failure to pay him minimum wage violates the Fair Labor Standards Act ("FLSA") and Walsh-Healy Act. The plaintiff requests an order from this Court directing UNICOR to pay all inmates either minimum wage or a wage comparable to the industry norm in the prison's geographical market. He also seeks $5,000.00 for breach of contract damages.

III. *Applicable Law*

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. See *Webb v. Califano*, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff filed objections, this Court reviews the report and recommendation of the magistrate judge *de novo*.

IV. *Discussion*

A. *Title 42, United States Code, Section 1983 Claim*

The magistrate judge recommended that the plaintiff's § 1983 claims be dismissed with prejudice because § 1983 only applies to state actors. Based upon a *de novo* review, this Court agrees.

Title 42, United States Code, Section 1983 provides, in pertinent part:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable . . .

Because § 1983 does not apply to the federal government and its employees, the statute has no application to this case. See *Gomez*

4

v. Toledo, 446 U.S. 635, 640 (1980) ("[H]e must allege that the person who has deprived him of that right acted under color of state or territorial law."). The plaintiff's § 1983 claims, therefore, must be dismissed with prejudice. Instead, this Court will address the plaintiff's claims under the appropriate standards of review.

B.  *Bivens* Act

The magistrate judge recommended that the plaintiff's Bivens action be dismissed for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The Bureau of Prisons' ("BOP") formal administrative process is structured as a three-tiered system. 28

C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, the plaintiff has failed to provide any evidence that he exhausted his administrative remedies regarding his Bivens claims. Furthermore, he concedes in his complaint that he has not completed this process, despite acknowledging that administrative remedy procedures are available. Accordingly, the plaintiff's Bivens

claims must be dismissed for failure to properly exhaust his administrative remedies.

C. <u>Federal Tort Claims Act Claim</u>

The FTCA permits recovery of "damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." <u>United States v. Muniz</u>, 374 U.S. 150, 150 (1963). Pursuant to the provisions of the FTCA, the administrative process must be fully exhausted before FTCA claims may be brought in an action in federal court. 28 U.S.C. § 2675(a). Administrative exhaustion under the FTCA requires an inmate to submit written notification of the incident -- accompanied by a sum certain claim for monetary damages -- to the federal agency responsible for the activities giving rise to the claim. <u>See</u> 28 C.F.R. § 14.2(a) and (b)(1). The inmate may file an FTCA suit in federal court only after the agency denies the inmate's claim, and must do so within six months of the mailing of the denial. 28 C.F.R. § 14.9(a). An administrative tort claim is statutorily presumed denied if six months pass without action on a properly filed administrative claim. 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed final denial of the claim for purposes of this section.").

Failure to completely exhaust administrative remedies before filing an FTCA claim, however, is a jurisdictional defect that

7

cannot be cured by administrative exhaustion after suit is filed. McNeil v. United States, 508 U.S. 106, 122 (1980). A prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." Id. at 106.

In this case, the plaintiff filed a "Claim for Damage, Injury or Death" with the BOP on May 21, 2009. Approximately five days later, on May 26, 2009, he filed his complaint containing his FTCA claims in this Court. Because the plaintiff filed this action before the BOP denied his administrative remedies and before the passage of the six-month period which would implicate statutory presumption of denial, this Court finds, upon a de novo review, that the plaintiff has failed to exhaust his administrative remedies for his FTCA claims. Accordingly, those claims must be dismissed.

D. Plaintiff's Summary Judgment Motion

In his motion for summary judgment, the plaintiff asserts that no genuine issues of material fact exist, and he is entitled to a judgment as a matter of law. In support of this motion, he claims that his rights have been violated and reiterates the claims raised in his complaint. The magistrate judge recommended that the plaintiff's motion for summary judgment is premature because the court cannot appropriately assess whether genuine issues of material fact exist without an answer from the defendants.

This Court agrees with the magistrate judge that the summary judgment motion, at this time, is premature, as it cannot assess

8

whether genuine issues of material facts exist without the defendant's answer.  Nevertheless, this Court cannot recommend the dismissal of this civil action.  While the magistrate judge correctly recommended the dismissal of the plaintiff's § 1983, Bivens, and FTCA claims, he did not address the plaintiff's breach of contract claim that the plaintiff raises in the complaint, specifically the alleged violations of the FLSA and the Walsh-Healy Act.  Thus, the plaintiff's breach of contract claim has not been decided by this Court and remains outstanding before it.  Thus, it is necessary for this case to proceed on these claims.

## V.  Conclusion

For the reasons set forth above, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's § 1983 claims are DENIED and DISMISSED WITH PREJUDICE, and the plaintiff's Bivens and FTCA claims are DENIED and DISMISSED WITHOUT PREJUDICE.  The plaintiff's breach of contract claim concerning the FLSA and Walsh-Healey Act shall PROCEED, and the defendants shall be SERVED with a copy of the summons and complaint through the United States Marshals Service. Furthermore, the plaintiff's motion for summary judgment is DENIED AS PREMATURE.  This civil action is REMANDED to the magistrate judge for further proceedings consistent with this memorandum opinion and order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   January 8, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE