IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARNETTE WESTBROOK,**

      **Plaintiff,**

v.                                                                          Civil Action No. 5:09cv56
                                                                       (Judge Stamp)

**UNITED STATES OF AMERICA**
**AND KUMA DEBOO, Warden,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this civil rights action on May 26, 2009. In the complaint (dckt. 1), the plaintiff alleges that the defendants violated his civil rights pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act "(FTCA)", 28 U.S.C. § 2671, et seq. As grounds therefor, the plaintiff makes the following allegations against the defendants:

    (1) they denied him appropriate medical care for his HIV and colon warts;

    (2) they violated the Fair Labor Standards Act ("FLSA") and the Walsh-Healy Act ("WHA") by failing to pay minimum wages in breach of his contract; and

    (3) they have been deliberately indifferent to a serious risk to his health by allowing staff and visitors to smoke.

After a preliminary review of the complaint on July 16, 2009, the undersigned found that claims arising pursuant to 42 U.S.C. § 1983 where not applicable in this case, a case against the

federal government, its agency and employees. (Dckt. 17) Accordingly, the undersigned recommended that any § 1983 claims be dismissed and that the plaintiff's claims be addressed solely pursuant to <u>Bivens</u> and the FTCA. The undersigned then found that the plaintiff had failed to properly exhaust his claims and recommended that his complaint be dismissed for that reason.

On January 8, 2010, the undersigned's report and recommendation was affirmed to the extent that it recommended that the plaintiff's <u>Bivens</u> and FTCA claims be dismissed for the failure to exhaust. (Dckt. 26). However, because the undersigned did not specifically address the plaintiff's breach of contract claim under the FLSA or WHA, the district judge allowed those claims to proceed and directed the Clerk to issue summonses and service of process to the defendants as to that claim only. Summonses were issued that same day (dckt. 27) and service of process was subsequently executed (dckt. 29-31).

On March 15, 2010, the defendants filed an answer to the complaint in the form of a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dckt. 33). A Memorandum in Support accompanied the motion. (Dckt. 34). Because the plaintiff is proceeding without counsel, the Court issued a <u>Roseboro</u> Notice on March 17, 2010, advising the plaintiff of his right to respond to the defendants' motion. (Dckt. 35). No response has been filed and this case is now before the undersigned for a Report and Recommendation on the defendants' motion.

## II. Contentions of the Parties

### A. The Complaint

With regard to the remaining issue, the complaint states in pertinent part:

> Furthermore, on the issues of his complaint against the Federal Prison Industries, Inc., -- a wholly-owned U.S. Government Corporation operati[ng] under the trade name "UNICOR." We have reviewed the (FLSA's) requirements and the conclusion is that laborers be paid at least minimum

> (note: prisoners are not listed as exempt). The petitioner() is one of many workers who is qualified as a third party beneficiary to these contracts, since -- "UNICOR" employs convicts (sic) labor on -- on (sic) contract is more than $10,000.00 dollars. "UNICOR" operation is in violation of (WHA), Title 41 U.S.C. 35 forbids -- convict labor contracts of more than $10,000.00.

Dckt. 1, Att. 1 ("Order") at 4. As relief for this alleged violation, the plaintiff seeks $5,000.00 for breach of "Federal Bureau of Prisons policy contract." *Id.* at 10. He also seeks appropriate hourly wages, an order from the Court directing UNICOR to pay its inmate laborers minimum wages and past wages. *Id.*

**B.   The Defendants' Motion to Dismiss or for Summary Judgment**

In support of their motion to dismiss, the defendants first assert that the plaintiff has failed to exhaust his administrative remedies with regard to his breach of contract claim. Dckt. 34 at 5. Specifically, the defendants note that while he has been imprisoned, the plaintiff has filed only six administrative remedy requests. *Id.* at 6. Of those six remedies, only two were related to the plaintiff's job assignment with UNICOR. *Id.* at 7. Those two remedies, however, did not address the issue raised in the complaint, but rather, sought good time credit for working in UNICOR. *Id.* Nevertheless, even had those remedies contained any reference to a breach of contract claim, neither of those remedies was fully exhausted by the plaintiff. *Id.* at 7-8.

Second, the defendants assert that even had the plaintiff exhausted his breach of contract claim, that claim fails as a matter of law. *Id.* at 8. The defendants note that it is well-established that prisoners are not covered by the FLSA. *Id.* (citing Harker v. State Use Industries, 990 F.2d 131, 133-36 (4th Cir. 1993); Sanders v Hayden, 544 F.3d 812, 814 (7th Cir. 2008) (listing cases)). The defendants cite the following passage from Sanders in support of their argument:

> [P]eople are not imprisoned for the purpose of enabling them to earn a living. The prison pays for their keep. If it puts them to work, it is to offset some of

> the cost of keeping them, or to keep them out of mischief, or to ease their transition to the world outside, or to equip them with skills and habits that will make them less likely to return to crime outside. None of these goals is compatible with federal regulation of their wages and hours. *The reason the FLSA contains no express exception for prisoners is probably that the idea was too outlandish to occur to anyone when the legislation was under consideration by Congress.*

Dckt. 34 at 9 (quoting Sanders, 544 F.3d at 814) (emphasis added by defendants).

Additionally, the defendants note that although there is no caselaw which similarly finds that the WHA is not applicable to inmates, the Supreme Court of the United States has found that the FLSA and the WHA are mutually supplementary, rather than mutually exclusive.[1] *Id.* at 9-10 (citing Powell v. United States Cartridge Co., 339 U.S. 497, 519-20 (1950)). Thus, if the FLSA does not apply to inmates, it is evident that neither does the WHA. *Id.* at 10 (citing Koren v. Martin Marietta Svcs., 997 F.Supp. 196, 214 n. 22 (D.P.R. 1998)). For these reasons, the defendants assert that the plaintiff has failed to state a claim for relief under the FLSA or WHA and those claims should be denied.

### III. Standards of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."

---

[1] The FLSA, 29 U.S.C. §§ 201, et seq., was designed to prescribe minimum standards for working conditions in those industries within its scope. Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960). It includes minimum wage rate protection for employees "engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce." See 29 U.S.C. §206(a). For purposes of the act, the term employee includes employees of the United States. See Bennett v. Frank, 395 F.3d 409 (7th Cir. 2005). The WHA, 41 U.S.C. §§ 35-45, provides protections, including minimum wage and safety regulations, to the employees of contractors contracting with the federal government.

Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id.

Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft

v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

B.  **Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is

a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, *or any other federal law*, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a) (emphasis added). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth at 741 n. 6.

In this case, it is undisputed that the plaintiff has failed to exhaust his administrative remedies with regard to the remaining breach of contract claim. Although the plaintiff has filed at least two administrative remedies pertaining to his employment with UNICOR, neither of those remedies raises the breach of contract claim alleged in the complaint. Dckt. 34, Ex. 1 at ¶ 10. Even if they had, the plaintiff has not fully exhausted either of those complaints. *Id.* at ¶ 11-18. Thus, the

---

[2]Porter v. Nussle, 534 U.S. 516, 524 (2002).

plaintiff's breach of contract claim under the FLSA and WHA is not exhausted and should be dismissed.

B. **Merits of Breach of Contract Claim**

It is well-established that the FLSA does not apply to prison inmates. See Sanders v. Hayden, 544 F.3d at 814 (listing cases); see also Harker v. State Use Industries, 990 F.2d 133-36. Moreover, the FLSA and WHA are "mutually supplementary" acts, with the FLSA providing broader, more expansive coverage. See Powell, 339 U.S. at 519-20. Thus, if the broader, more expansive act does not apply to prison inmates, it stands to reason that a mutually supplementary act, which provides similar protections, also does not apply to prison inmates. Thus, even had the plaintiff properly exhausted his breach of contract claim, that claim fails as a matter of law and should be denied.

## V. Recommendation

For the reasons stated, the undersigned recommends that the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 33) be **GRANTED** and the plaintiff's breach of contract claim under the FLSA and WHA be **DENIED and DISMISSED with prejudice**. The undersigned further recommends that this case be **DISMISSED** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C.

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 21, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE