IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARNETTE WESTBROOK,

        Plaintiff,

v.                                       Civil Action No. 5:09CV56
                                                (STAMP)
UNITED STATES OF AMERICA
and KUMA DEBOO, Warden,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se[1] plaintiff, Larnette Westbrook, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). The plaintiff filed a motion for summary judgment, to which the defendants did not respond.

This case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A. On July 16, 2009, the magistrate judge issued a report and recommendation recommending that the plaintiff's claims under 42 U.S.C. § 1983 be denied and dismissed with prejudice; that the plaintiff's Bivens and tort claims be denied

---

[1] Pro se describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed 2009).

and dismissed without prejudice for failure to exhaust administrative remedies; and that the plaintiff's motion for summary judgment be denied as premature and moot.

This Court affirmed the magistrate judge's report and recommendation to the extent that it recommended that the plaintiff's Bivens and FTCA claims be dismissed for failure to exhaust administrative remedies. However, to the extent that the report and recommendation denied the plaintiff's motion for summary judgment as premature and moot, this Court declined to affirm and adopt the report and recommendation. The defendants were ordered to file a response to the plaintiff's motion for summary judgment.

This Court entered an amended memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge after finding that its previous memorandum opinion and order ordering the defendants to respond to the plaintiff's motion for summary judgment on the breach of contract claim was in error. This Court found that because the magistrate judge conducted only an initial screening of the complaint, the defendants had not yet been served, and ordering them to respond to a motion for summary judgment was a procedural error. The amended memorandum opinion and order corrected that error and affirmed and adopted the ruling of the magistrate judge in its entirety. Accordingly, the Court denied the plaintiff's § 1983 claims and dismissed with prejudice, and denied the plaintiff's Bivens and FTCA claims and dismissed without prejudice. The Court allowed the

plaintiff's breach of contract claim concerning the Fair Labor Standards Act ("FLSA") and the Walsh-Healy Act ("WHA") to proceed and the defendants were served with a copy of the summons and complaint. Furthermore, the Court denied the plaintiff's motion for summary judgment as premature. This action was remanded to the magistrate judge for further proceedings.

The defendants filed an answer to the complaint in the form of a motion to dismiss, or in the alternative, motion for summary judgment. A memorandum in support accompanied the motion. Because the plaintiff is proceeding without counsel, the Court issued a Roseboro notice advising the plaintiff of his right to respond to the defendants' motion. Plaintiff did not file a response.

The magistrate judge issued a second report and recommendation recommending that the defendants' motion to dismiss, or in the alternative, motion for summary judgment be granted and the plaintiff's breach of contract claim under the FLSA and the WHA be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Facts

In his complaint, the plaintiff alleges that the defendants have denied him appropriate medical care. Specifically, the plaintiff asserts that he suffers from Human Immunodeficiency Virus ("HIV") and colon warts, which can be fatal given his HIV. Although the plaintiff was approved for a colon examination more than thirty-six months ago, he claims that he has yet to receive that examination.

The plaintiff also contends that the defendants are deliberately indifferent to a serious health risk by allowing staff members and visitors to smoke. While the plaintiff's current place of incarceration is a smoke-free facility, he alleges that the defendants allow smoking in designated areas that inmates must pass through, placing him and the other inmates at risk of physical harm due to secondhand smoke.

Finally, the plaintiff asserts that he is employed by Prison Industries ("UNICOR"), and that UNICOR's failure to pay him minimum wage violates the FLSA and the WHA. The plaintiff requests an order from this Court directing UNICOR to pay all inmates either minimum wage or a wage comparable to the industry norm in the prison's geographical market. He also seeks $5,000.00 for breach of contract damages.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

4

recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## IV. Discussion

### A. Exhaustion of Administrative Remedies

The magistrate judge recommended that the plaintiff's breach of contract claim be dismissed with prejudice because the plaintiff has failed to exhaust his administrative remedies with regard to that claim. After reviewing the report and recommendation for clear error, this Court agrees.

Under the Prison Litigation and Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, <u>or any other federal law</u>, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a) (emphasis added). Exhaustion as provided in § 1997(e)(a) is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[2] and is required even when the relief sought

---

[2] <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).

is not available.  <u>Booth</u>, 532 U.S. at 741.  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted <u>prior</u> to filing a complaint in federal court.  <u>See</u> <u>Porter</u>, 534 U.S. at 524 (citing <u>Booth</u>, 532 U.S. at 741) (emphasis added).  In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . . ."  <u>See</u> <u>Booth</u>, 532 U.S. at 741 n.6.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance.  28 C.F.R. § 524.13.  The Bureau of Prisons' ("BOP") formal administrative process is structured as a three-tiered system.  28 C.F.R. § 542.10, <u>et seq.</u>  First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response.  28 C.F.R. §§ 542.11 and 542.14.  For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP.  28 C.F.R. § 542.15.  The third, and final, tier of the formal administrative process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel.  <u>Id.</u>  An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

In this case, it is undisputed that the plaintiff has failed to exhaust his administrative remedies with regard to the remaining breach of contract claim.  Although the plaintiff has filed at

least two administrative remedies pertaining to his employment with UNICOR, neither of those remedies raises the breach of contract claim alleged in the complaint. Defs.' Mem. in Supp. of Mot. to Dismiss or in the Alternative for Summ. J., Exhibit 1 at ¶ 10. Even if they had, the plaintiff has not fully exhausted either of those complaints. <u>Id.</u> at ¶ 11-18. Thus, the plaintiff's breach of contract claim under the FLSA and the WHA is not exhausted and the plaintiff's breach of contract claim must be dismissed.

B.  <u>Merits of the Breach of Contract Claim</u>

The magistrate judge also recommended that the plaintiff's breach of contract claim under the FLSA and the WHA be denied and dismissed with prejudice because neither the FLSA nor the WHA apply to prison inmates. After reviewing the report and recommendation for clear error, this Court agrees.

It is well-established that the FLSA does not apply to prison inmates. <u>See</u> <u>Harker v. State Use Industries</u>, 990 F.2d 131, 133-36 (4th Cir. 1993); <u>see also</u> <u>Sanders v. Hayden</u>, 544 F.3d 812, 814 (7th Cir. 2008) (listing cases). Moreover, the FLSA and the WHA are "mutually supplementary" acts, with the FLSA providing broader, more expansive coverage. <u>See</u> <u>Powell v. United States Cartridge Co.</u>, 339 U.S. 497, 519-20 (1950). Thus, if the broader, more expansive act does not apply to prison inmates, it stands to reason that a mutually supplementary act, which provides similar protections, also does not apply to prison inmates. Thus, even if

7

the plaintiff had properly exhausted his breach of contract claim, that claim fails as a matter of law and must be denied.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is GRANTED and the plaintiff's breach of contract claim under the FLSA and the WHA is DENIED and DISMISSED WITH PREJUDICE. Furthermore, this case is DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: August 20, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE